| | |
|---|---|
| In re:<br><br>Debtor 1:<br>Scott Groven<br><br>Debtor 2:<br>Roseanna Groven<br>(Spouse, if filing)<br><br>                                         Debtor(s).<br>*In a joint case, Debtor means Debtors in this plan.* | **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NORTH DAKOTA**<br><br>**CHAPTER 13 PLAN**<br><br>Case No.: _____<br>Dated:    _____<br><br>Indicate if this is:<br>_____ Amended Plan (pre-confirmation)<br>_____ Modified Plan (post-confirmation)<br>(1st, 2nd, etc.) |

**Part 1. NOTICES**

**To Debtor:** This form includes options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. You must provide for the treatment of all secured and priority unsecured claims in this plan. In addition, you must attach a liquidation analysis to this plan. A sample liquidation analysis may be found on the Bankruptcy Court website. http://www.ndb.uscourts.gov

**To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified or eliminated.** You should read this plan carefully and discuss it with your attorney if you retained one in this bankruptcy case. If you have not retained an attorney, you should consider consulting one.

If you oppose Debtor's treatment of your claim or any provision in this plan, you or your attorney must file an objection to plan confirmation before the deadline set by the Court. **The Bankruptcy Court may confirm this plan without further notice if no interested parties file objections to confirmation.** See Local Rule 3015-1.

**To Those Seeking Plan Disbursements from the Trustee: You or someone on your behalf must file a proof of claim to be paid by the Trustee.**

**NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS AND LIEN OR SECURITY INTEREST AVOIDANCE:**

Debtor must check a box next to 1.1, 1.2 and 1.3 to state whether the plan includes any of the following items:

| 1.1 | A limit on the amount of a secured claim based on the value of the collateral, which may result in a partial payment or no payment to the secured creditor (see Part 9 below) | ☐ Included | ■ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest | ☐ Included | ■ Not included |
| 1.3 | Nonstandard provisions included in Part 16 | ■ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1   As of the date of this plan, Debtor has paid the Trustee $0.00.
2.2   After the date of this plan, Debtor will pay the Trustee:
  $785.00 per month for 60 months beginning in May (mo.) of 2019 (yr.)
    For a total of $47,100.00.  The initial plan payment is due not later than 30 days after the order for relief (petition date).
2.3   The minimum plan length is ■ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4   Debtor will also pay the Trustee N/A.
2.5   Debtor will pay the Trustee a total of $48,204.00 [Parts 2.1 + 2.2 + 2.4].
2.6   Debtor will provide the Trustee a copy of each income tax return filed during the plan term within 14 days after filing the return.  Debtor will treat income tax refunds as follows: See Non-Standard Provisions.

**Part 3. ESTIMATED PAYMENTS BY TRUSTEE TO CREDITORS**

From available funds, the Trustee will pay creditors for whom a proof of claim was filed. The Trustee may collect a fee of up to 10% of plan payments or $4,710.00 [Part 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C))**

From available funds, the Trustee will promptly pay adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one.

|     | **Creditor** | **Monthly payment** | **Number of months** | **Total payments** |
|-----|---|---|---|---|
| 4.1 |   |   |   |   |
| 4.2 |   |   |   |   |
| TOTAL |   |   |   |   |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365)**

Debtor assumes the following executory contracts or unexpired leases. Debtor will pay the payments that come due after the petition date directly to the creditors. Cure provisions, if any, are included in Part 8.  Those executory contracts and unexpired leases not expressly assumed below are deemed rejected on the date of plan confirmation.

|     | **Creditor** | **Description of property** |
|-----|---|---|
| 5.1 |   |   |
| 5.2 |   |   |

**Part 6. CLAIMS NOT IN DEFAULT**

Debtor is current on the payment of the following claims, and Debtor will pay the payments that come due after the petition date directly to the creditors. The creditors will retain their liens, if any.

|     | **Creditor** | **Description of property** |
|-----|---|---|
| 6.1 |   |   |
| 6.2 |   |   |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e))**

The Trustee will cure defaults on the following claims secured only by a security interest in real property that is Debtor's principal residence. Debtor will pay the installment payments that come due after the petition date directly to the creditors. The creditors will retain liens. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

|  | **Creditor** | **Amount of default** | **Monthly payment** | **Beginning in month #** | **Number of payments** | **Total payments** |
|---|---|---|---|---|---|---|
| 7.1 | Freedom Mortgage Corporation | $2,000.00 | Pro-Rata | 4 | 3 | $2,031.20 |
| 7.2 |  |  |  |  |  |  |
| TOTAL |  |  |  |  |  | $2,031.20 |

**Part 8. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)**)

The Trustee will cure defaults on the following claims as set forth below. Debtor will pay the payments that come due after the petition date directly to the creditors. The creditors will retain liens, if any. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

|  | **Creditor** | **Amount of default** | **Interest rate (if any)** | **Monthly payment** | **Beginning in month #** | **Number of payments** | **Total payments** |
|---|---|---|---|---|---|---|---|
| 8.1 |  |  |  |  |  |  |  |
| 8.2 |  |  |  |  |  |  |  |
| TOTAL |  |  |  |  |  |  |  |

**Part 9. SECURED CLAIMS - AMOUNT IN PLAN CONTROLS (§ 1325(a)(5) CRAMDOWN)**

The amount listed in this Part binds the creditors pursuant to 11 U.S.C. § 1327 and confirmation of the plan is the determination of the creditors' allowed secured claims. The Trustee will pay the amount listed in the "Total Payments" column below. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5). The unsecured portion of the claim, if any, will be treated as provided in Part 14. For secured claims filed by governmental units, unless otherwise ordered by the Court, the value of a secured claim listed in its proof of claim filed in accordance with Bankruptcy Rule 3012(c) controls over any contrary amount listed below.

|  | **Creditor** | **Total claim amount** | **Allowed secured claim (Value of collateral)** | **Interest rate** | **Monthly payment** | **Start in month #** | **# of pmts** | **= Plan pmts** | **= Total payments** |
|---|---|---|---|---|---|---|---|---|---|
| 9.1 |  |  |  |  |  |  |  |  |  |
| 9.2 |  |  |  |  |  |  |  |  |  |
| TOTAL |  |  |  |  |  |  |  |  |  |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 (§ 1325 Hanging Paragraph):**

*Check one.*

■ **None.** *If "None" is checked, the rest of Part 10 need not be completed or reproduced.*

☐ The claims listed below were either:

(1)    incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or

(2)    incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

The Trustee will pay in full the amount of the following allowed secured claims. The following entries are estimates, except for the interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5).

|  | **Creditor** | **Claim amount** | **Secured claim** | **Interest rate** | **Monthly payment** | **Start in month #** | **# of payments** | **= Plan payments** | **= Total payments** |
|---|---|---|---|---|---|---|---|---|---|
| 10.1 | | | | | | | | | |
| 10.2 | | | | | | | | | |
| TOTAL | | | | | | | | | |

**Part 11. PRIORITY CLAIMS (Not including claims under Part 12)**

The Trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following claims. The amounts listed are estimates. The Trustee will pay the amounts actually allowed.

|  | **Creditor** | **Estimated claim** | **Monthly payment** | **Beginning in month #** | **Number of payments** | **Total payments** |
|---|---|---|---|---|---|---|
| 11.1 | Madlom Law Office | $2,125.00 | Pro-Rata | 1 | 4 | $2,125.00 |
| 11.2 | | | | | | |
| TOTAL | | | | | | $2,125.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS**

The Trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following claims. The amounts listed are estimates. The Trustee will pay the amounts actually allowed.

|  | **Creditor** | **Estimated claim** | **Monthly payment** | **Beginning in month #** | **Number of payments** | **Total payments** |
|---|---|---|---|---|---|---|
| 12.1 | | | | | | |
| 12.2 | | | | | | |
| TOTAL | | | | | | |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS**

In addition to the class of unsecured claims specified in Part 14, there shall be the following separate classes of nonpriority unsecured claims. The Trustee will pay the allowed claims of the following creditors. All entries below are estimates.

|  | **Creditor** | **Interest rate (if any)** | **Claim amount** | **Monthly payment** | **Beginning in month #** | **Number of payments** | **Total payments** |
|---|---|---|---|---|---|---|---|
| 13.1 |  |  |  |  |  |  |  |
| 13.2 |  |  |  |  |  |  |  |
| TOTAL |  |  |  |  |  |  |  |

**Part 14. ALLOWED NONPRIORITY UNSECURED CLAIMS**

The Trustee will pay holders of allowed nonpriority unsecured claims the balance of all payments received by the Trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13. These claimants will receive their pro rata share of approximately $38,183.85 [Part 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1    Debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $0.00.
14.2    Debtor estimates that the unsecured portion of the claims secured by surrendered collateral in Part 15 total:  $0.00.
14.3    Debtor estimates that Debtor's nonpriority unsecured claims (excluding those in Parts 9 and 13) total: $38,183.85.
14.4    Total estimated nonpriority unsecured claims are $38,183.85 [Parts 14.1 + 14.2 + 14.3].
14.5.   Projected percentage payment to nonpriority unsecured creditors 100%.

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY**

Debtor surrenders the collateral securing the claims of the following creditors in satisfaction of the secured portion of the creditors' claims. To the extent the collateral does not satisfy a creditor's claim, the creditor shall be treated as the holder of an unsecured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 14 above. Debtor requests that the automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the surrendered collateral on the date this plan is confirmed.

|  | **Creditor** | **Legal Description (Real Estate) Description of Property (Chattel)** |
|---|---|---|
| 15.1 |  |  |
| 15.2 |  |  |

**Part 16. NONSTANDARD PROVISIONS:**

Placement of additional nonstandard provisions, as defined in Rule 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 16.1 | 1. Debtors shall make payments as called for by this repayment Plan directly to Trustee, Kyle Carlson, 2900 Momentum Place, Chicago, IL 60689-5329, by certified check or money order, or through alternate methods approved by the Trustee (such as phone payments, or E-payments).<br>2. The effective date of this Plan shall be the day the Plan is docketed with the Bankruptcy Court. The debtors reserve the right to cure any default under this Plan within 30 days of the default.<br>3. The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credits (EIC). Any remaining amounts shall be turned over to the Chapter 13 Trustee as additional plan payments (unless debtor(s) have scheduled such refund as income on Schedule I of the debtor(s) bankruptcy schedules).<br>4. Debtor(s) will pay into the plan an amount sufficient to pay all allowed claims in full.<br>5. In accordance with North Dakota Bankruptcy Local Rule 2016-1 the Debtor's attorney elects to accept the presumptively reasonable fee for the services performed (or to be performed as required by such rule). |
| 16.2 | |

**Part 17. SUMMARY OF ESTIMATED PAYMENTS:**

| | Class of payment | Amount to be paid |
|---|---|---|
| 17.1 | Trustee's Fee [Part 3] | $4,710.00 |
| 17.2 | Home Mortgage Defaults [Part 7] | $2,031.20 |
| 17.3 | Claims in Default [Part 8] | $0.00 |
| 17.4 | Section 506 Secured Claims [Part 9] | $0.00 |
| 17.5 | Non-Section 506 Secured Claims [Part 10] | $0.00 |
| 17.6 | Priority Claims [Part 11] | $2,125.00 |
| 17.7 | Domestic Support Claims [Part 12] | $0.00 |
| 17.8 | Separate Class of Unsecured Claims [Part 13] | $0.00 |
| 17.9 | Nonpriority Unsecured Claims [Part 14] | $38,183.85 |
| 17.10 | TOTAL (must equal Part 2.5) | $47,100.00 |

<u>Certification regarding nonstandard provisions:</u>
I certify that this plan contains no nonstandard provisions except as placed in Part 16.

Signed:  /s/ Bruce L. Madlom
       Debtor's Counsel
Name: Bruce L. Madlom
Address: 1330 Gateway Drive SW
City, State Zip code: Fargo, ND 58103
Tele:   (701) 235-0505
Email:  office@madlomlawoffice.com

Signed:

 /s/ Scott Groven

Debtor 1:

Scott Groven

Dated:

4/3/19

Signed:

 /s/ Roseanna Groven

Debtor 2:

Roseanna Groven

Dated:

4/3/19